E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
AMANDA M. BETTINELLI (Cal. Bar No. 233927)
Assistant United States Attorney
Environmental Crimes and Consumer Protection Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0470
    Facsimile: (213) 894-6436
    E-mail:   Amanda.Bettinelli@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 22-00592-SVW |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT ERIK ARMANDO RAMOS |
| v. | |
| ERIK ARMANDO RAMOS,<br>  aka "Autron," | |
| Defendant. | |

    1.   This constitutes the plea agreement between ERIK ARMANDO RAMOS, aka "Autron," ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.   Defendant agrees to:

        a.   At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the

two-count indictment in <u>United States v. ERIK ARMANDO RAMOS</u>, CR No.
22-00592-SVW, which charge defendant with Transportation of
Explosives Without a License in violation of 18 U.S.C.
§ 842(a)(3)(A).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained
in this agreement.

d.   Appear for all court appearances, surrender as ordered
for service of sentence, obey all conditions of any bond, and obey
any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be
excluded for sentencing purposes under United States Sentencing
Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not
within the scope of this agreement.

f.   Be truthful at all times with the United States
Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the
time of sentencing unless defendant has demonstrated a lack of
ability to pay such assessments.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained
in this agreement.

c.   At the time of sentencing, provided that defendant
demonstrates an acceptance of responsibility for the offense up to
and including the time of sentencing, recommend a two-level reduction
in the applicable Sentencing Guidelines offense level, pursuant to

1   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2   additional one-level reduction if available under that section.

3         d.   Recommend that defendant be sentenced to a term of

4   imprisonment no higher than the low end of the applicable Sentencing

5   Guidelines range.  For purposes of this agreement, the low end of the

6   Sentencing Guidelines range is that defined by the Sentencing Table

7   in U.S.S.G. Chapter 5, Part A, without regard to reductions in the

8   term of imprisonment that may be permissible through the substitution

9   of community confinement or home detention as a result of the offense

10  level falling within Zone B or Zone C of the Sentencing Table.

11                        <u>NATURE OF THE OFFENSE</u>

12        4.   Defendant understands that for defendant to be guilty of

13  the crime charged in count one, that is, Transportation of Explosives

14  Without a License, in violation of Title 18, United States Code,

15  Section 842(a)(3)(A), the following must be true: (1) defendant

16  knowingly transported, shipped, caused to be transported, or received

17  in interstate commerce any explosive materials, namely flash powder;

18  and (2) defendant did so without a license or permit issued by the

19  Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") under

20  Chapter 40 of the Title 18, United States Code.  Defendant may be

21  found guilty of the crime charged even if defendant did not

22  personally commit the acts constituting the crime if the defendant

23  willfully caused an act to be done that if directly performed by him

24  would be an offense against the United States.  A defendant who puts

25  in motion or causes the commission of an indispensable element of the

26  offense may be found guilty as if he had committed the element

27  himself.

28

1

2                                   <u>PENALTIES</u>

3       5.    Defendant understands that the statutory maximum sentence

4  that the Court can impose for a violation of Title 18, United States

5  Code, Section 842(a)(3)(A), is: ten years imprisonment; a three-year

6  period of supervised release; a fine of $250.000 or twice the gross

7  gain or gross loss resulting from the offense, whichever is greatest;

8  and a mandatory special assessment of $100.

9       6.    Defendant understands that supervised release is a period

10  of time following imprisonment during which defendant will be subject

11  to various restrictions and requirements.  Defendant understands that

12  if defendant violates one or more of the conditions of any supervised

13  release imposed, defendant may be returned to prison for all or part

14  of the term of supervised release authorized by statute for the

15  offense that resulted in the term of supervised release, which could

16  result in defendant serving a total term of imprisonment greater than

17  the statutory maximum stated above.

18       7.    Defendant understands that, by pleading guilty, defendant

19  may be giving up valuable government benefits and valuable civic

20  rights, such as the right to vote, the right to possess a firearm,

21  the right to hold office, and the right to serve on a jury. Defendant

22  understands that he is pleading guilty to a felony and that it is a

23  federal crime for a convicted felon to possess a firearm or

24  ammunition.  Defendant understands that the conviction in this case

25  may also subject defendant to various other collateral consequences,

26  including but not limited to revocation of probation, parole, or

27  supervised release in another case and suspension or revocation of a

28  professional license.  Defendant understands that unanticipated

                                      4

collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

8.    Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future.  The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case.  Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

FACTUAL BASIS

9.    Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Between April 30, 2021, and June 30, 2021, defendant Ramos, Arturo Ceja III (Ceja), and other co-conspirators purchased aerial display fireworks (pyrotechnic explosives) in Nevada (or otherwise outside of California), including 1.3 hazard class fireworks. Defendant then transported in rental vehicles that he personally drove or caused to be driven, the fireworks from outside California

with Ceja's residence on 27th street in Los Angeles, California within the Central District of California for storage and later sale.

Defendant transported fireworks from Nevada (or otherwise outside of California) because many of them were illegal to purchase in California.  Fireworks that are 1.3 hazard class contain explosive materials that are regulated by ATF, including energetic materials such as flash powder.  At not time was defendant licensed, permitted, or authorized to transport or sell aerial display pyrotechnical fireworks which were made with explosive materials including, but not limited to, energetic materials such as flash powder.  Additionally, explosives are regulated by ATF and a person engaged in the transport of explosive materials must hold an explosives license or permit of any kind that would authorize to him to transport homemade explosives, or cause the transportation of explosives, for the purpose of sale, including but not limited to M3000s, M100s, or mortars that had been acquired by defendant and his co-conspirators for the purpose of sale in Los Angeles, California and elsewhere.

Defendant personally transported or caused the transportation of large quantities of fireworks from Nevada and utilized the customer name "Autron" to purchase those items in Nevada.  On or about June 10, 2021 and June 20, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant Erik Armando Ramos, also known as "Autron," and Arturo Ceja, III had an informal business arrangement and shared the overalls costs of doing business, including the in store purchases at fireworks wholesalers Area 51 and Blackjack Fireworks in Pahrump, Nevada, U-Haul rental costs, and transport expenses in the transportation of fireworks and explosives in interstate commerce.

In addition, on June 11, 2021 defendant personally paid $344.37 to cover the cost of the U-Haul rental in Las Vegas and that U-Haul was used to transport fireworks and aerial display explosives. Ramos and Ceja knowingly transported, shipped, and caused to be transported and shipped, fireworks and 1.3 aerial display explosives, in interstate commerce from Nevada to Los Angeles, California.  The aerial pyrotechnic display fireworks were sold under the brand names Against All Odds, Welcome to the Madhouse, and Bridge to Terabathia which he had transported, or caused to be transported, form outside California and which he intended to sell.

Ceja and Ramos coordinated their travel plans, communicated by cell phone (Ramos' cell phone ending in 8862), and to arrange trips to purchase fireworks in Nevada and elsewhere and caused them to be transported to Los Angeles, California.  In addition, Ramos financially benefited from the interstate transport and storage of fireworks, aerial display pyrotechnic explosives, and homemade explosives stored at Ceja's residence on 27th Street in Los Angeles, California that were ultimately sold. Sales invoices, sales receipts, and surveillance footage from fireworks wholesaler in Nevada indicate that Ceja and defendant Ramos shopped together, shared the cost of the purchases, communicated constantly by cell phone, loaded the U-Haul rental truck, and shared a customer account to obtain a discount for bulk purchases at Nevada fireworks wholesalers and made purchases under the customer account name "Autron."  Ramos was employed at the time of the offense at an automobile dealership that operated under the business name "Autotron" located in Compton, California.

Aerial display pyrotechnic explosives and homemade explosives are made with explosive materials, including but not limited to flash

powder. Explosives are regulated by ATF and a person engaged in the transport of explosives materials must hold an explosives license or permit issued by ATF issued under Chapter 40 of Title 18.  Defendant Ramos and Arturo Ceja III never possessed an ATF explosives license or permit of any kind.

<u>SENTENCING FACTORS</u>

10.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

11.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

Base Offense Level:          12     [U.S.S.G. § 2K1.3(a)(5)]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate, including the government seeking an up to five-level enhancement under U.S.S.G. § 2K1.3(b)(1) for the weight of the explosive materials.

8

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

       a.   The right to persist in a plea of not guilty.

       b.   The right to a speedy and public trial by jury.

       c.   The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

       d.   The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

       e.   The right to confront and cross-examine witnesses against defendant.

       f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

       g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

1    h.   Any and all rights to pursue any affirmative defenses,

2  Fourth Amendment or Fifth Amendment claims, and other pretrial

3  motions that have been filed or could be filed.

4                    WAIVER OF APPEAL OF CONVICTION

5    15.  Defendant understands that, with the exception of an appeal

6  based on a claim that defendant's guilty plea was involuntary, by

7  pleading guilty defendant is waiving and giving up any right to

8  appeal defendant's conviction on the offense to which defendant is

9  pleading guilty.  Defendant understands that this waiver includes,

10 but is not limited to, arguments that the statute to which defendant

11 is pleading guilty is unconstitutional, and any and all claims that

12 the statement of facts provided herein is insufficient to support

13 defendant's plea of guilty.

14            LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

15   16.  Defendant agrees that, provided the Court imposes a total

16 term of imprisonment on all counts of conviction of no more than 21

17 months in prison, the USAO gives up its right to appeal defendant

18 gives up the right to appeal all of the following: (a) the procedures

19 and calculations used to determine and impose any portion of the

20 sentence; (b) the term of imprisonment imposed by the Court,

21 including, to the extent permitted by law, the constitutionality or

22 legality of defendant's sentence, provided it is within the statutory

23 maximum; (c) the fine imposed by the Court, provided it is within the

24 statutory maximum; (d) the term of probation or supervised release

25 imposed by the Court, provided it is within the statutory maximum;

26 and (f) any of the following conditions of probation or supervised

27 release imposed by the Court: the conditions set forth in Second

28 Amended General Order 20-04 of this Court; the drug testing

                                  10

conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

17. The USAO agrees that, provided (a) all portions of the sentence are  at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 15 months, the USAO gives up the right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

18. Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

//

//

1

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

2      19.  Defendant agrees that if the count of conviction is

3  vacated, reversed, or set aside, both the USAO and defendant will be

4  released from all their obligations under this agreement.

5                  ## EFFECTIVE DATE OF AGREEMENT

6      20.  This agreement is effective upon signature and execution of

7  all required certifications by defendant, defendant's counsel, and an

8  Assistant United States Attorney.

9                      ## BREACH OF AGREEMENT

10 Defendant agrees that if defendant, at any time after the signature

11 of this agreement and execution of all required certifications by

12 defendant, defendant's counsel, and an Assistant United States

13 Attorney, knowingly violates or fails to perform any of defendant's

14 obligations under this agreement ("a breach"), the USAO may declare

15 this agreement breached.  All of defendant's obligations are

16 material, a single breach of this agreement is sufficient for the

17 USAO to declare a breach, and defendant shall not be deemed to have

18 cured a breach without the express agreement of the USAO in writing.

19 If the USAO declares this agreement breached, and the Court finds

20 such a breach to have occurred, then: (a) if defendant has previously

21 entered a guilty plea pursuant to this agreement, defendant will not

22 be able to withdraw the guilty plea, and (b) the USAO will be

23 relieved of all its obligations under this agreement.

24      21.  Following the Court's finding of a knowing breach of this

25 agreement by defendant, should the USAO choose to pursue any charge

26 that was either dismissed or not filed as a result of this agreement,

27 then:

28

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.   Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES</u>

<u>OFFICE NOT PARTIES</u>

22.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

23.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information

to the United States Probation and Pretrial Services Office and the
Court, (b) correct any and all factual misstatements relating to the
Court's Sentencing Guidelines calculations and determination of
sentence, and (c) argue on appeal and collateral review that the
Court's Sentencing Guidelines calculations and the sentence it
chooses to impose are not error, although each party agrees to
maintain its view that the calculations in paragraph 11 are
consistent with the facts of this case.  While this paragraph permits
both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

24.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

NO ADDITIONAL AGREEMENTS

25.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional

14

promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

26. The parties agree that this agreement will be considered
part of the record of defendant's guilty plea hearing as if the
entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney


_____        6/22/2023
AMANDA M. BETTINELLI              Date
Assistant United States Attorney


_____        6/14/2023
ERIK ARMANDO RAMOS                Date
aka "Antron"
Defendant

_____        6/14/2023
JULIA DEIXLER                     Date
Attorney for Defendant ERIK ARMANDO
RAMOS


### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough
time to review and consider this agreement, and I have carefully and
thoroughly discussed every part of it with my attorney. I understand
the terms of this agreement, and I voluntarily agree to those terms.
I have discussed the evidence with my attorney, and my attorney has

15

advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    6/14/2023
ERIK ARMANDO RAMOS                                   _____
Defendant                                            Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am ERIK ARMANDO RAMOS's attorney.  I have carefully and thoroughly discussed every part of this agreement with my client.  Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_Julia Deixler_                                           6/14/2023
JULIA DEIXLER                                             Date
Attorney for Defendant ERIK ARMANDO
RAMOS

17